UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTHONY CORNELIUS ROWE,

                        Petitioner,

        v.

ERICK JACKSON,

                        Respondent.

CASE NO. 3:21-cv-05888-RAJ-DWC

REPORT AND RECOMMENDATION

NOTED FOR: July 1, 2022

Petitioner has filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254 alleging three grounds for relief. Dkt. 6. As discussed below, the Court recommends grounds one and two of the petition be dismissed with prejudice as time-barred, and ground three be dismissed without prejudice for lack of jurisdiction because it is second and successive.

**BACKGROUND**

In 2005, Petitioner pleaded guilty to "first degree rape of a child [count I], second degree rape of a child [count IV], and possession of depictions of a minor engaged in sexually explicit

1   conduct [count VIII]." Dkt. 11-1 at 24; *see also id.* at 3.[1] The trial court sentenced Petitioner to

2   171 months' imprisonment on count I and 12 months' imprisonment on count VIII. *Id.* at 6. On

3   count IV, the trial court imposed an indeterminate sentence of 147 months to life. *Id.* Thus,

4   Petitioner's total term of confinement was 171 to months to life. *Id.* "Petitioner did not file a

5   direct appeal . . . ." *Rowe v. Stolc*, No. C09-5770-RBL-JRC, 2010 WL 4021380, at *1 (W.D.

6   Wash. Aug. 23, 2010), *report and recommendation adopted*, 2010 WL 3999315 (W.D. Wash.

7   Oct. 12, 2010).

8       In 2009, Petitioner filed a federal habeas corpus petition (the "First Petition") seeking

9   relief from his 2005 guilty plea on constitutional grounds. *See id.* The Court dismissed the First

10   Petition with prejudice as untimely. *Id.* at *3.

11       In 2016, "the Indeterminate Sentencing Review Board (ISRB) released [Petitioner] from

12   confinement to community custody." Dkt. 11-1 at 24. "But in 2017, he violated conditions of his

13   community custody and was returned to confinement." *Id.* "In 2019, the ISRB again released

14   him from confinement to community custody." *Id.*

15       Meanwhile, on September 9, 2018, Petitioner filed a personal restraint petition ("PRP")

16   in Division Two of the Court of Appeals of Washington ("state court of appeals"). *Id.* at 31, 42.

17   Petitioner argued that certain conditions of his community custody were "not crime-related" and,

18   hence, "invalid." *Id.* at 193. On August 11, 2020, the state court of appeals ruled that these

19   claims were time barred. *Id.* at 193, 195. Further, Petitioner argued that other conditions of his

20   community custody (conditions 9, 15, 18, 19, and 21) were "unconstitutionally vague." *Id.* The

21   state court of appeals agreed—based on the State's concession—that conditions 15, 18, and 19

22   were unconstitutionally vague. *Id.* Therefore, the state court of appeals granted the PRP in part

23

24      [1] All page citations to docket entries refer to the CM/ECF-generated page stamp number at the top, right-hand corner of the page.

1   and remanded to the trial court to modify these three conditions. *Id.* The state court of appeals

2   denied the remainder of the PRP. *Id.*  On December 17, 2021, the trial court entered an order

3   correcting Petitioner's 2005 judgment in accordance with the state court of appeals' August 11,

4   2020 decision. *See id.* at 230. The order provided that "all other terms and conditions of the

5   [j]udgment and [s]entence [were] to remain in full force and effect as if set forth full[ly] herein."

6   *Id.* at 231. Further, the trial court entered the order *nunc pro tunc* to the date of the original 2005

7   judgment. *See id.* at 232.

8         Meanwhile, "on August 19, 2020, the ISRB again found that [Petitioner] violated

9   conditions of his community custody, revoked his community custody, and returned him to

10  confinement." *Id.* at 24; *see also id.* at 394–99. On September 16, 2020, Petitioner

11  administratively appealed the ISRB's revocation of his community custody. *See id.* at 459. On

12  October 8, 2020, the ISRB denied his appeal. *Id.* at 457–59.

13        On October 28, 2020, Petitioner filed a second PRP in the state court of appeals. *Id.* at

14  235, 248. Petitioner argued that, when the ISRB revoked his community custody on August 19,

15  2020, it "erred in finding that he had violated conditions of his community custody and [in]

16  revoking his community custody." *Id.* at 24. Petitioner also argued "that his sentence for second

17  degree rape of a child [was] unlawful because he [allegedly] committed the crime before the

18  effective date" of a former state statute authorizing indeterminate sentences. *See id.*

19        On April 15, 2021, the state court of appeals issued an order dismissing the PRP as an

20  untimely "mixed" petition containing both timely and untimely claims. *Id.* at 24–26. The state

21  court of appeals dismissed as time-barred Petitioner's claim that his second-degree rape

22  conviction was invalid because he allegedly committed it before the effective date of the former

23  state statute at issue. *Id.* at 25. "As to the ISRB's 2020 revocation of community custody," the

24

state court of appeals found that the PRP was "timely filed." *Id.* Again, however, because the

PRP "contain[ed] both timely and time-barred grounds for relief . . . ," the state court of appeals

dismissed the PRP as a "mixed" petition. *Id.* at 25–26 (citation omitted).

On June 9, 2021, Petitioner filed a motion for discretionary review in the state supreme

court. *Id.* at 440, 448. The state supreme court denied it in an unreasoned order, issuing its

certificate of finality on October 27, 2021. *Id.* at 453, 455.

 On December 1, 2021, Petitioner initiated this matter, filing his second federal petition

under § 2254. Dkt. 4 at 1, 7. In his sole ground for relief, Petitioner alleged: "Is there a

possibility that the crime happened earlier than the State is claiming." *Id.* at 5.

On January 25, 2022, Petitioner filed an amended petition in this matter. Dkt. 6 at 1, 15.

Grounds one and two of the amended petition relate to the ISRB's August 19, 2020 revocation of

community custody. In ground one, Petitioner alleges: "Was [his] Liberty Interest violated when

he was found guilty of violations he previously won in Court." *Id.* at 5. In ground two, Petitioner

alleges: "Does a violation hearing that put a person back in prison violate constitutional rights if

not held in front of a Judge?" *Id.* at 7. In ground three, Petitioner reasserts ground one of his

originally-filed petition. He alleges: "Did the State violate the Constitution and [Petitioner's]

Liberty Interest by placing him under a greater punishment than annexed [sic] to the crime." *Id.*

at 8. In support, he again contends there is a possibility he committed his offense for second-

degree rape of a child before the former state statute authorizing his indeterminate sentence took

effect. *See id.* Regarding the timeliness (or not) of this federal habeas action, Petitioner alleges:

"The Post Conviction issues fit into one of the exceptions to the Time Bar, allowing it to be

heard in open Court." *Id.* at 13.

Respondent filed a response to the amended petition. Dkt. 10. Respondent contends that grounds one and two "challenging the [ISRB's] August 19, 2020 revocation of community custody are [untimely] because [Petitioner] filed his petition more than one year after the factual predicate for the claims materialized, and his improperly-filed [PRP] did not toll the statute." *Id.* at 9. Further, Respondent argues that ground three is subject to dismissal as "'second or successive' under 28 U.S.C. § 2244(b)(2)" or, alternatively, as "time-barred." *Id.* at 10. Respondent did not address the merits of Petitioner's claims and, while not waiving any exhaustion defense, does not address that issue. Petitioner replied. Dkt. 12.

## DISCUSSION

### I.    Statute of Limitations (Grounds One and Two)

"The federal Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a 1-year statute of limitations for filing a federal habeas corpus petition." *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005) (citing 28 U.S.C. § 2244(d)(1)).

The limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

1    Section 2244(d)(1)'s "one-year limitation period applies to all habeas petitions filed by

2    persons in 'custody pursuant to the judgment of a State court,' . . . even if the petition challenges

3    an administrative decision rather than a state court judgment." *Shelby v. Bartlett*, 391 F.3d 1061,

4    1062 (9th Cir. 2004). "[W]hen a habeas petitioner challenges an administrative decision affecting

5    the 'fact or duration of his confinement,' [§ 2244(d)(1)'s] one-year statute of limitations runs

6    from when the 'factual predicate' of the habeas claims 'could have been discovered through the

7    exercise of due diligence." *Mardesich v. Cate*, 668 F.3d 1164, 1172 (9th Cir. 2012) (citing 28

8    U.S.C. § 2244(d)(1)(D); *Shelby*, 391 F.3d at 1066). For any claim that the petitioner raises

9    challenging the ISRB's revocation of community custody, the ISRB's "denial of [his]

10   administrative appeal" triggers the one-year period under § 2244(d)(1)(D). *See id.*; *see also Redd*

11   *v. McGrath*, 343 F.3d 1077, 1082 (9th Cir. 2003) ("We agree with the district court that the

12   factual basis of [the petitioner's] habeas claims was the [parole board's] denial of his

13   administrative appeal . . . ."). This is the case even if the petitioner raises other claims in his

14   federal petition that do not challenge the ISRB's decision. *See Mardesich*, 668 F.3d at 1171

15   ("AEDPA's one-year statute of limitations in § 2244(d)(1) applies to each claim in a habeas

16   application on an individual basis.")

17   Here, "on August 19, 2020, the ISRB [] found that [Petitioner] violated conditions of his

18   community custody, revoked his community custody, and returned him to confinement." Dkt.

19   11-1 at 24; *see also id.* at 394–99. On September 16, 2020, Petitioner administratively appealed

20   the ISRB's revocation of his community custody. *See id.* at 459. On October 8, 2020, the ISRB

21   denied his appeal. *Id.* at 457–59. Therefore, under the applicable "anniversary method,"

22   Petitioner's deadline for filing a federal habeas petition challenging this administrative decision

23

24

1  was October 8, 2021 (e.g., one year later). *See Patterson v. Stewart*, 251 F.3d 1243, 1245–47

2  (9th Cir. 2001).

3          In this case, Respondent contends, and Petitioner has not disputed, that Petitioner first

4  raised his grounds challenging the ISRB's revocation of community custody in his amended

5  petition, which he filed on January 25, 2022. *See* Dkt. 10 at 12; Dkt. 12 at 3–5. This date comes

6  after the October 8, 2021 deadline for Petitioner to raise these grounds in his federal petition.

7  These grounds do not "relate back" to the original federal petition filed on December 1, 2021.

8  *See* Fed. R. Civ. P. 15(c)(1); *see also* Dkt. 4 at 1, 7. This is because grounds one and two

9  challenge the ISRB's August 19, 2020 revocation of community custody, whereas the sole

10  ground in original petition challenges the legality of the 2005 judgment. Therefore, grounds one

11  and two of the amended petition do not arise from "the same core of operative facts as [the]

12  claim contained in the original petition." *Hebner v. McGrath*, 543 F.3d 1133, 1134 (9th Cir.

13  2008). However, even if grounds one and two related back to the original petition, Petitioner

14  nevertheless filed it on December 1, 2021, which came after the October 8, 2021 deadline to

15  challenge to the ISRB's revocation of community custody. Therefore, absent tolling, grounds

16  one and two are untimely under § 2244(d)(1)(D).

17          Section 2244(d)(1)'s one-year statute of limitations is subject to statutory tolling under

18  some circumstances. "The time during which a *properly filed* application for State post-

19  conviction or other collateral review with respect to the pertinent judgment or claim is pending

20  shall not be counted toward any period of limitation under [§ 2244(d)]." 28 U.S.C. § 2244(d)(2)

21  (emphasis added); *Pace*, 544 U.S. at 410. However, when a state court rejects a post-conviction

22  petition as "untimely," the petition is not "properly filed" and the petitioner is not "entitled to

23  statutory tolling" under § 2244(d)(2). *Pace*, 544 U.S. at 417 (internal quotation marks omitted).

24

1    "Under *Pace*, if a state court denies a petition as untimely, none of the time before or

2    during the court's consideration of that petition is statutorily tolled." *Bonner v. Carey*, 425 F.3d

3    1145, 1149 (9th Cir. 2005), *amended*, 439 F.3d 993 (9th Cir. 2006). When a state court denies a

4    post-conviction petition as untimely in a reasoned decision, and a later state court affirms or

5    denies review of the lower court's decision in an unreasoned order, the federal habeas court must

6    look through the silent denial and presume the later state court affirmed or denied review for the

7    same reasons. *See Bonner*, 425 F.3d at 1147–48 & nn. 6, 13, *amended*, 439 F.3d at 994 (citing

8    *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)); *see also Valdez v. Montgomery*, 918 F.3d 687,

9    691 (9th Cir. 2019) (noting that *Bonner* "look[ed] through unexplained decisions of [a state court

10   of appeals and a state supreme court] to a [trial court] decision holding that a petition was

11   untimely to conclude that the petition was untimely and the prisoner was not entitled to statutory

12   tolling" (citation omitted)); *cf. Pace*, 544 U.S. at 411, 417.

13        Here, on October 28, 2020, Petitioner filed a PRP in the state court of appeals. Dkt. 11-1

14   at 235, 248. On April 15, 2021, the state court of appeals issued an order dismissing the PRP as

15   an untimely "mixed" petition containing both timely and untimely claims. *Id.* at 24–26. Applying

16   *Pace*, this District has consistently recognized that PRP's dismissed pursuant to Washington's

17   mixed petition rule are not "properly filed" for purposes of AEDPA tolling. *See Reese v.*

18   *Holbrook*, No. 3:16-CV-05311-BHS-JRC, 2018 WL 2077833, at *6 (W.D. Wash. Apr. 2, 2018) ("A

19   petition that has been dismissed for being mixed and untimely is not properly filed and thus cannot

20   be used to toll the statute of limitations."), *report and recommendation adopted*, No. 3:16-CV-05311-

21   BHS, 2018 WL 2059699 (W.D. Wash. May 3, 2018); *Hernandez v. Stout*, No. 2:11-CV-00261-JCC-

22   JPD, 2011 WL 5299585, at *3 (W.D. Wash. Aug. 8, 2011), *report and recommendation adopted*, No.

23   2:11-CV-00261-JCC, 2011 WL 5299431 (W.D. Wash. Nov. 3, 2011); *Chuong v. Glebe*, No. 3:09-

24   CV-5533 RBL/KLS, 2010 WL 724402, at *8 (W.D. Wash. Feb. 25, 2010); *Young v. Fraker*, No.

2:11-CV-00798-TSZ-BAT, 2012 WL 1893891, at *3 (W.D. Wash. Feb. 1, 2012), *report and recommendation adopted as modified*, No. 2:11-CV-00798-TSZ, 2012 WL 1884595 (W.D. Wash. May 23, 2012); *Vorak v. Miller-Stout*, No. 3:11-CV-05181 RJB/KLS, 2011 WL 3664900, at *5 (W.D. Wash. July 19, 2011), *report and recommendation adopted*, No. 3:11-CV-05181 RJB, 2011 WL 3665023 (W.D. Wash. Aug. 19, 2011).

Furthermore, the state supreme court denied Petitioner's motion for discretionary review in an unreasoned order, issuing its certificate of finality on October 27, 2021. *Id.* at 453, 455. Because its order was unreasoned, this Court must presume that the state supreme also concluded that the PRP was an untimely "mixed" petition. There are no facts to overcome this presumption, such as a request from the state supreme court for "briefing on the merits from the State in response to [Petitioner's motion for discretionary review]." *See Trigueros v. Adams*, 658 F.3d 983, 990–91 (9th Cir. 2011); *see also* Dkt. 11-1 at 440–45. Therefore, none of the time during which the state courts were considering Petitioner's untimely "mixed" PRP (from October 28, 2020 to October 27, 2021) counts toward statutory tolling under § 2244(d)(2).

"In addition to this statutory tolling provision, [AEDPA's] one-year statute of limitations is also subject to the doctrine of equitable tolling." *Smith v. Davis*, 953 F.3d 582, 588 (9th Cir. 2020) (en banc) (citation omitted). "A petitioner seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (citation and internal quotation marks omitted). "To receive equitable tolling, a petitioner at the very least must show [that] extraordinary circumstances were the but-for and proximate cause of his untimeliness." *Snyder v. Uttecht*, No. 2:20-CV-01859-RAJ-DWC, 2021 WL 5016124, at *2 (W.D. Wash. July 13, 2021) (citation omitted), *report and recommendation adopted*, 2021 WL 5014088 (W.D. Wash. Oct. 28, 2021).

1    Here, Petitioner contends that he is entitled to equitable tolling because he "went on

2    Covid protocol and then [into] Covid isolation in which the law library was closed." Dkt. 12 at

3    4–5. However, Petitioner does not delineate when he went on COVID protocol or into COVID

4    isolation or provide any evidence to substantiate this contention. *See id.* Such unsubstantiated,

5    conclusory allegations do not warrant equitable tolling. *See Jackson v. Evans*, 286 F. App'x 516,

6    at *1 (9th Cir. 2008) ("[The petitioner] has made only vague allegations that he was denied

7    access to the library, and he has not shown that the alleged denial of access was the proximate

8    cause of his delay in filing his federal petition."); *Ramirez v. Carter*, 174 F. App'x 415, 416 (9th

9    Cir. 2006) ("We agree with the district court that [the petitioner's] allegations were too 'vague

10   and insufficient' to justify tolling because [he] did not specify the time period during which he

11   was denied access to legal materials."); *Calvin v. Elfo*, No. 2:20-CV-00866-RSM, 2021 WL

12   2894820, at *3 (W.D. Wash. July 9, 2021) ("conclusory assertions" that "COVID-19 protocols"

13   allegedly "restricted [prisoner's] law library access" did not warrant equitable tolling).

14       Petitioner further contends that grounds one and two are timely because they "fit into one

15   of the exceptions to the Time Bar." *See* Dkt. 6 at 13. While unclear, the Court interprets

16   Petitioner's argument as asserting another one of the triggering events in § 2244(d)(1) applies to

17   these grounds. *See id.* Under subparagraph (A), the one-year limitation period runs from "the

18   date on which the judgment became final by the conclusion of direct review or the expiration of

19   the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, § 2244(d)(1)(A) does

20   not apply to a parole board's "denial of [an] administrative appeal" or "state collateral review"

21   thereof. *See Redd*, 343 F.3d at 1081.

22       Under subparagraph (B), the one-year period runs from "the date on which the

23   impediment to filing an application created by State action in violation of the Constitution or

24

1    laws of the United States is removed, if the applicant was prevented from filing by such State

2    action." 28 U.S.C. § 2244(d)(1)(B). "Section 2244(d)(1)(B) tolls the statutory period until the

3    removal of any state-created impediment to filing that violates the constitution or federal law."

4    *Olivas v. Neven*, 329 F. App'x 70, 72 (9th Cir. 2009). "The limited case law applying

5    § 2244(d)(1)(B) has dealt almost entirely with the conduct of state prison officials who interfere

6    with inmates' ability to prepare and to file habeas petitions by denying access to legal materials."

7    *Shannon v. Newland*, 410 F.3d 1083, 1087 (9th Cir. 2005) (citations omitted).

8            Here, as discussed, Petitioner has alleged that he lacked law library access due to his

9    placement in COVID protocol and isolation. Again, however, his allegations are unsubstantiated

10   and conclusory. *See supra* p. 10. Thus, Petitioner has not shown that § 2244(d)(1)(B) applies. *See*

11   *Alston v. Thomas*, No. CIV. 11-00062 HG-BMK, 2011 WL 4929139, at *7 (D. Haw. Oct. 17,

12   2011) ("conclusory and unsupported assertions" failed to show that "limitation on [prisoner's]

13   attendance at the law library" "constituted [a] State created impediment[] within the meaning of

14   § 2244(d)(1)(B)"); *Knight v. Yates*, No. CVF07-00612AWISMSHC, 2007 WL 2695691, at *5

15   (E.D. Cal. Sept. 11, 2007) ("vague and conclusory" allegations of a lack of law library access do

16   not show a "state-created impediment" under § 2244(d)(1)(B)).

17           Under subparagraph (C), the one-year period runs from "the date on which the

18   constitutional right asserted was initially recognized by the Supreme Court, if the right has been

19   newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

20   review." 28 U.S.C. § 2244(d)(1)(C). However, Petitioner makes no such allegation in this

21   proceeding.

22           In short, Petitioner has not shown that another triggering event in § 2244(d)(1) applies to

23   grounds one and two.

24

1    Petitioner's contention that grounds one and two "fit into one of the exceptions to the

2    Time Bar" may also be an assertion that he is actually innocent. *See* Dkt. 6 at 13.

3    "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may

4    [overcome] the impediment [of] a procedural bar, . . . [such as the] expiration of the statute of

5    limitations." *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "To establish actual

6    innocence, [P]etitioner must demonstrate that, in light of all the evidence, it is more likely than

7    not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614,

8    623 (1998) (citation omitted). "To be credible, a claim of actual innocence must be based on

9    reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998)

10   (citation and internal quotation marks omitted). "[A]ctual innocence means factual innocence,

11   not mere legal insufficiency." *Bousley*, 523 U.S. at 623; *Calderon*, 523 U.S. at 559 ("The

12   miscarriage of justice exception is concerned with actual as compared to legal innocence."

13   (alteration adopted) (citation and internal quotation marks omitted)). The actual innocence

14   exception is "rare" and should be "applied [only] in [an] extraordinary case." *See Schlup v. Delo*,

15   513 U.S. 298, 321 (1995) (citation omitted).

16   Here, at best, Petitioner asserts in conclusory fashion that he is actually innocent. *See*

17   Dkt. 6 at 13. To the extent Petitioner bases this assertion on the alleged merit of his grounds for

18   relief, this would be an argument for legal, not factual, innocence. Petitioner does not allege in

19   any of his grounds for relief that he is factually innocent, whether of his 2005 convictions or of

20   his violations of community custody that led to its August 19, 2020 revocation. *See* Dkt. 6 at 5,

21   7–8. Thus, Petitioner has not shown actual innocence. *See Dalluge v. Boe*, No. 2:21-CV-00590-

22   JCC-JRC, 2021 WL 5141084, at *5 (W.D. Wash. Sept. 23, 2021) ("[C]onclusory . . . allegations

23   do not establish a prima facie actual-innocence claim . . . ." (citations and internal quotation

24

marks omitted)), *report and recommendation adopted*, 2021 WL 5140255 (W.D. Wash. Nov. 4, 2021).

In sum, grounds one and two of the amended petition are untimely.

## II.    Second and Successive Petition (Ground Three)

In ground three of the amended petition, Petitioner alleges: "Did the State violate the Constitution and [Petitioner's] Liberty Interest by placing him under a greater punishment than annexed [sic] to the crime." Dkt. 6 at 8. In support, Petitioner contends there is a possibility he committed his offense of second-degree rape of a child before the former state statute authorizing his indeterminate sentence took effect. *See id.* The factual basis for this ground is the 2005 judgment. *See id.* at 26. In 2009, Petitioner filed a federal habeas corpus petition seeking relief from his 2005 guilty plea on constitutional grounds. *Rowe*, 2010 WL 4021380. The Court dismissed that petition with prejudice as untimely. *Id.* at *3. Respondent argues ground three is therefore subject to dismissal as "'second or successive' under 28 U.S.C. § 2244(b)(2)" or, alternatively, is "time-barred." Dkt. 10 at 10.[2]

AEDPA implemented a gatekeeper function, requiring that successive § 2254 petitions be dismissed unless they meet one of the exceptions outlined in 28 U.S.C. § 2244(b)(2). "The bar of successive petitions applies only to petitions adjudicated and denied on the merits in the previous federal habeas corpus proceeding." *Turner v. Terhune*, 78 Fed. App'x 29, 30 (9th Cir. 2003) (citing *Steward v. Martinez-Villareal*, 523 U.S. 637, 645 (1998)). "A disposition is 'on the merits' if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court." *McNabb v. Yates*, 576 F.3d 1028,

---

[2] Because, as discussed below, the Court finds it lacks jurisdiction to consider ground three because it is second and successive, the Court does not address Respondent's alternative argument that the claim is also time-barred.

1   1029 (9th Cir. 2009) (citing *Howard v. Lewis*, 905 F.2d 1318, 1322 (9th Cir. 1990)). Dismissal

2   of a first petition with prejudice because of a procedural default that forecloses review by federal

3   courts *is* an adjudication on the merits. *McNabb*, 576 F.3d at 1029. Dismissal, for instance, of a

4   first habeas petition because it is untimely is a permanent bar to federal review of the underlying

5   claims and constitutes resolution on the merits. *Id.* at 1030. The Ninth Circuit also states "[a]

6   habeas petition is second or successive only if it raises claims that were or could have been

7   adjudicated on the merits." *McNabb*, 576 F.3d at 1029.

8           Petitioner's First Petition, filed in 2009, challenged the same 2005 judgment and sentence

9   challenged in this matter. The court denied the First Petition "on the merits," concluding the

10  petition was time-barred. *Rowe v. Stolc*, 2010 WL 4021380, at *2–3; *McNabb*, 576 F.3d at 1030.

11  Ground three challenges Petitioner's underlying sentence, arguing Petitioner was improperly

12  subjected to an indeterminate sentence. Dkt. 6 at 8. Petitioner was or could have been aware of

13  the factual predicate for this claim when he brought his First Petition. *See Cooper v. Calderon*,

14  274 F.3d 1270, 1273 (9th Cir. 2001) (finding a claim was "second or successive" when the

15  petitioner was aware of the factual predicate of the claim and could have raised the claim in his

16  first petition). Thus, the Second Petition appears to be successive.

17          However, "[a] petition is not 'second or successive' under § 2244(b) if it challenges for

18  the first time a 'new judgment intervening between the two habeas petitions.'" *Colbert v.

19  Haynes*, 954 F.3d 1232, 1235 (9th Cir. 2020) (quoting *Magwood v. Patterson*, 561 U.S. 320,

20  341–42 (2010)).[3]

21          In *Magwood*, the Supreme Court held that a second-in-time habeas petition challenging a

22  judgment imposed following resentencing did not constitute a second or successive application

23

24  _____

    [3] The existence of an intervening judgment would also start a new one-year statute of limitations" under §
    2244(d)(1). *See Smith v. Williams*, 871 F.3d 684, 686–88 (9th Cir. 2017).

1    where the first habeas petition was filed prior to the resentencing and challenged the original

2    judgment. *Magwood*, 561 U.S. at 339. The Ninth Circuit, applying *Magwood*, held that the latter

3    of two petitions is not "second or successive" if there is a "new judgment intervening between

4    the two habeas petitions," even if the second petition effectively challenges unamended portions

5    of the original judgment. *Wentzell v. Neven*, 674 F.3d 1124, 1126-28 (9th Cir. 2012). To

6    determine whether a change in a state criminal sentence creates a "new judgment," the Ninth

7    Circuit directs District Courts to look to the applicable state law. *Colbert*, 954 F.3d at 1236.

8    Critical to this inquiry is whether the state court action "replaces an invalid sentence with a valid

9    one." *Id.* Because invalidity is a lynchpin, the court in *Colbert*, after examining what constitutes

10   an invalid sentence under Washington law, stated that "in Washington, only sentencing errors

11   stemming from a trial court exceeding its statutory authority render a sentence judgment

12   invalid." *Id* (citation omitted). Thus, "if a 'trial court simply corrects the original judgment and

13   sentence, it is the original judgment and sentence entered by the original trial court that controls

14   the defendant's conviction and term of incarceration.'" *Id*. (quoting *State v. Kilgore*, 167 Wn.2d

15   28, 40–41 (2009).

16          Under Washington law, "the finality of that portion of the judgment and sentence that

17   was correct and valid at the time it was pronounced is unaffected by the reversal of one or more

18   counts." *Kilgore*, 167 Wn.2d at 37. The finality of a judgment is affected "only if the trial court,

19   on remand, exercised its independent judgment, reviewed and ruled again" on any remaining

20   final issues. *Id*. Thus, a trial court's exercise of discretion to impose *additional* community

21   custody conditions could be deemed a new judgment. *See State v. Ramos*, 171 Wn.2d 46, 48–49

22   (2011). But where the trial court merely corrects a community custody condition, there is no new

23

24

1    judgment, and a petitioner is barred from bringing a second challenge. *State v. Traicoff*, 93

2    Wn.App. 248, 257–58 (1998) (cited with approval by *Kilgore*, 167 Wn.2d at 40).

3         Here, the trial court did not resentence Petitioner or enter a new judgment. Petitioner

4    challenged multiple community custody conditions in his PRP, but the state court of appeals did

5    not find any of them to be invalid. Instead, it directed that three of the conditions—addressing

6    possession of pornographic materials, reporting romantic relationships and submission to

7    polygraph or plethysmograph testing—be modified to clarify their scope. Dkt. 11-1 at 195. The

8    trial court's order on remand makes clear it is "correcting" the Judgment and Sentence and its

9    correction is limited to clarifying the three conditions identified by the state court of appeals; the

10   order expressly provides that "all other terms and conditions of the Judgment and Sentence are to

11   remain in full force and effect." The trial court's corrective intent is further evidenced by its

12   entry of the order *nunc pro tunc* to January 14, 2005—the date of the original Judgment and

13   Sentence. Dkt. 11-1 at 230, 232.

14        The record makes clear that the trial court did not enter a new judgment, but instead only

15   corrected the original 2005 Judgment and Sentence. Its corrective actions are analogous to the

16   ministerial acts at issue in *Colbert* and *Traicoff* and did not create a new, intervening judgment.

17   Petitioner's challenge of his sentence is therefore a second and successive petition.

18        Before a petitioner is allowed to file a second or successive petition, he must obtain an

19   order from the Federal Court of Appeals authorizing the district court to consider the petition. 28

20   U.S.C. § 2244(b)(3); Rule 9 of the Rules Governing Section 2254 Proceedings for the United

21   States District Court; Ninth Circuit Rule 22-3; *see also Woods v. Carey*, 525 F.3d 886, 888 (9th

22   Cir. 2008). A district court lacks jurisdiction to consider a second or successive petition in the

23   absence of an order from the Ninth Circuit Court of Appeals authorizing the district court to

24

1   consider the petition. *See Magwood*, 561 U.S. at 331; *Burton v. Stewart*, 549 U.S. 147, 157

2   (2007). Here, there is no evidence Petitioner has received an order from the Ninth Circuit

3   authorizing this Court to consider the petition in this matter. Thus, the Court lacks jurisdiction to

4   consider ground three of the petition and it should be dismissed without prejudice. *See*

5   *Magwood*, 561 U.S. at 331; *Cooper*, 274 F.3d at 1274.

6                                   **EVIDENTIARY HEARING**

7          The decision to hold an evidentiary hearing is committed to the Court's discretion.

8   *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "In deciding whether to grant an evidentiary

9   hearing, a federal court must consider whether such a hearing could enable an applicant to prove

10  the petition's factual allegations, which, if true, would entitle the applicant to federal habeas

11  relief." *Id.* at 474 (citations omitted). "It follows that if the record refutes the applicant's factual

12  allegations or otherwise precludes habeas relief, a district court is not required to hold an

13  evidentiary hearing." *Id.* "[A]n evidentiary hearing is not required on issues that can be resolved

14  by reference to the state court record." *Id.* (citation and internal quotation marks omitted).

15  Furthermore, "an evidentiary hearing is not required on allegations that are conclusory and

16  wholly devoid of specifics." *Clark v. Chappell*, 936 F.3d 944, 967 (9th Cir. 2019) (per curiam)

17  (alteration adopted) (citation and internal quotation marks omitted). "Nor is an evidentiary

18  hearing required if there are no disputed facts and the claim presents a purely legal question." *Id.*

19  (citation and internal quotation marks omitted).

20         Because grounds one and two are time-barred and the Court lacks jurisdiction to consider

21  ground three, there is no need for an evidentiary hearing.

22

23

24

1            **CERTIFICATE OF APPEALABILITY**

2            A petitioner seeking post-conviction relief under § 2254 may appeal a district court's

3    dismissal of a federal habeas petition only after obtaining a certificate of appealability from a

4    district or circuit judge. A certificate of appealability may issue only if the petitioner has made "a

5    substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). When a

6    district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must

7    demonstrate that reasonable jurists would find the district court's assessment of the constitutional

8    claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). By comparison,

9    "[w]hen the district court denies a habeas petition on procedural grounds without reaching the

10   prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the

11   prisoner shows . . . that jurists of reason would find it debatable whether the petition states a

12   valid claim of the denial of a constitutional right and that jurists of reason would find it debatable

13   whether the district court was correct in its procedural ruling." *Id.*

14           Reasonable jurists would not find it debatable that grounds one and two are time-barred

15   and ground three should be dismissed for lack of jurisdiction. Accordingly, this Court concludes

16   Petitioner is not entitled to a certificate of appealability.

17                      **CONCLUSION**

18           As discussed above, the Court recommends grounds one and two of the petition be

19   dismissed with prejudice as time-barred, ground three be dismissed without prejudice for lack of

20   jurisdiction, and a certificate of appealability not be issued.

21           Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the Parties shall have

22   fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

23   6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

24

review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **July 1, 2022** as noted in the caption.

Dated this 13th day of June, 2022.


David W. Christel
United States Magistrate Judge